**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10060 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00773-GMS-1 |
| v. | |
| MIGUEL QUINTERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 7, 2014[**]
San Francisco, California

Before: KLEINFELD, NGUYEN, and WATFORD, Circuit Judges.

Miguel Quintero appeals his convictions for importing heroin in violation of

21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(A), and for possession with intent to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i). We have jurisdiction under 28 U.S.C. § 1291. Because Quintero failed to raise any relevant objections below,[1] we review for plain error. See United States v. Sherwood, 98 F.3d 402, 408 (9th Cir. 1996). We affirm.

First, the district court did not commit plain error by allowing Agent Evans to testify about the structure and modus operandi of drug trafficking organizations. Quintero did not object to any of this testimony and the testimony was relevant to the defendant's knowledge of the drugs found within his car, see United States v. Sepulveda-Barraza, 645 F.3d 1066, 1072–73 (9th Cir. 2011). We need not decide whether admitting the testimony over objection would have been erroneous. Error, if any, was not "plain." Nor could the district court have discerned whether Quintero had some tactical reason for not objecting.

---

[1] Quintero does assign error to the district court's admission of Agent Sandor's testimony that he would not expect drug couriers to leave fingerprints. While Quintero did object to this testimony for lack of foundation, he makes no argument for why the district court's decision to overrule that objection was incorrect or why it was an abuse of discretion. Nor does he cite any authority in the section of his brief addressing this issue. See Fed. R. App. P. 28(a)(8)(A) (The opening brief must contain "appellant's contentions and the reasons for them, *with citations to the authorities* and parts of the record on which the appellant relies.") (emphasis added). Thus, this argument is waived. See Ind. Towers of Washington v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

Quintero's argument that the district court failed to conduct Rule 403 balancing also fails because Quintero did not make a Rule 403 objection to Agent Evans's testimony. Our decisions in Vallejo and McGowan do not control because Agent Evans's testimony was "probative of a matter properly before the court," namely, whether Quintero had knowledge of the heroin concealed within the drive shaft of his car. See United States v. McGowan, 274 F.3d 1251, 1254 (9th Cir. 2001) (quoting United States v. Vallejo, 237 F.3d 1008, 1012 (9th Cir. 2001)).

Quintero also argues that Agent Evans's testimony that drug trafficking organizations do not use blind mules violated Rule 704(b), which prohibits an expert witness from offering an "opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Assuming that Agent Evans qualifies as an expert witness within the scope of Rule 704(b), the district court did not commit plain error by admitting this testimony. See United States v. Gomez, 725 F.3d 1121, 1128 (9th Cir. 2013).

Next, the district court did not commit plain error in allowing the government's expert to relay the content of out-of-court statements of drug informants made during the course of unrelated investigations. An expert witness may form his or her opinion on the basis of inadmissible evidence and may sometimes disclose that evidence to the jury. Fed. R. Evid. 703. Here, the statements were not made in connection with Quintero's prosecution, so it is far from clear that they implicate the Confrontation Clause at all. See Crawford v. Washington, 541 U.S. 36, 51 (2004) (The Confrontation Clause "applies to 'witnesses' *against* the accused[.]") (emphasis added). Even if the Confrontation Clause is implicated here, we cannot say that this testimony was "so clearly in violation of the Confrontation Clause that the district court should have recognized the violation sua sponte." Gomez, 725 F.3d at 1130. Allowing this testimony was not plain error. See id. at 1129–31.

We have considered Quintero's remaining contentions, including his constitutional arguments related to the admission of the fingerprint testimony, and conclude that they are without merit. Because the district court did not err, Quintero's cumulative error argument necessarily fails as well. United States v. Jeremiah, 493 F.3d 1042, 1047 (9th Cir. 2007).

4

**AFFIRMED.**